UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

LAWRENCE ELIOT MATTISON, )
    Plaintiff, )
)
v. )    Civil Action No. 4:21cv87
)
JANIE DEBORAH WILLIS, *et al.*, )
    Defendants. )
)

**MEMORANDUM OPINION**

Plaintiff Lawrence Eliot Mattison ("Plaintiff"), appearing *pro se*, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"),[1] along with a proposed "Rule 60(d)(1)(3) Complaint for Violations of Civil Rights" ("Complaint") and a proposed "Petition for Relief from the Order of this Court Under Fed. R. Civ. P. Rule 60(d)(1)(3)" ("Petition"). IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1; Proposed Pet., ECF No. 1-2. In his filings, Plaintiff seeks to initiate an independent action under Rule 60(d)(1) of the Federal Rules of Civil Procedure, vacate the dismissal of one of Plaintiff's previously-filed cases based on alleged fraud on the court, and proceed with the claims asserted by Plaintiff in the previously-filed case in the instant action. *See* Proposed Compl. at 1-25; Proposed Pet. at 1-19.

Upon review of the financial information contained in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be GRANTED, and the Clerk will be DIRECTED to file Plaintiff's

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

Complaint and Petition. However, for the reasons set forth below, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.  BACKGROUND

### A.  Plaintiff's Prior Lawsuit

Plaintiff initiated a prior lawsuit in this Court, referred to herein as "*Mattison I*," in November 2017. *See generally* IFP Appl., *Mattison I*, No. 4:17cv134 (E.D. Va. Nov. 13, 2017), ECF No. 1; Am. Compl., *Mattison I*, No. 4:17cv134 (E.D. Va. May 18, 2018), ECF No. 63. In *Mattison I*, Plaintiff alleged that he was a former federal employee, who worked as a Housekeeping Supervisor at the Hampton VA Medical Center. Dismissal Order at 2, *Mattison I*, No. 4:17cv134 (E.D. Va. Dec. 6, 2018), ECF No. 102.[2] During his employment, Plaintiff was convicted of stalking and making annoying phone calls under Virginia law. *Id.* at 2-3. Following his conviction, Plaintiff exhausted all avenues of appeal without success. *Id.* at 3-4. Nevertheless, Plaintiff claimed that the Commonwealth of Virginia lacked jurisdiction over his criminal proceedings. *Id.* at 4. Plaintiff also claimed that his alleged improper convictions resulted in the unlawful termination of his federal employment. *Id.* at 5-6. Plaintiff appealed the termination of his federal employment to the Merit Services Protection Board ("MSPB"), and the presiding administrative judge affirmed the termination decision. *Id.* at 6.

In *Mattison I*, Plaintiff asserted claims against (i) the Department of Veterans Affairs police detective who was involved in the investigation of Plaintiff's criminal actions; (ii) the judges who presided over Plaintiff's state court criminal proceedings; (iii) the prosecutors who were involved in Plaintiff's state court criminal proceedings; (iv) the private attorney who served as Plaintiff's defense attorney during Plaintiff's state court criminal proceedings; (v) the attorney who

---

[2] When citing to the Dismissal Order in *Mattison I*, the Court omits all internal citations.

2

represented Plaintiff's employer during the MSPB appeal; and (vi) the administrative judge who presided over the MSPB appeal.[3]  *Id.* at 2-7.

On December 6, 2018, the Court granted Motions to Dismiss filed by all named Defendants in *Mattison I* and dismissed *Mattison I* in its entirety.  *Id.* at 1-28.  Plaintiff appealed the dismissal of *Mattison I* to the United States Court of Appeals for the Fourth Circuit.  Notice Appeal, *Mattison I*, No. 4:17cv134 (E.D. Va. Jan. 2, 2019), ECF No. 104.  The Fourth Circuit affirmed the dismissal on August 13, 2019, stating: "We have reviewed the record and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court."  *Mattison v. Willis*, 774 F. App'x 800, 800 (4th Cir. 2019).  Plaintiff subsequently filed a petition for rehearing and rehearing en banc, and his petition was denied on November 25, 2019.  *Mattison v. Willis*, No. 19-1020, 2019 U.S. App. LEXIS 35321, at *1 (4th Cir. Nov. 25, 2019).  Next, Plaintiff filed a petition for writ of certiorari with the United States Supreme Court, and his petition was denied on April 20, 2020.  *Mattison v. Willis*, No. 19-7669, 2020 U.S. LEXIS 2233, at *1 (U.S. Apr. 20, 2020).  Plaintiff subsequently filed a petition for rehearing with the United States Supreme Court, and his petition was denied on June 15, 2020.  *Mattison v. Willis*, No. 19-7669, 2020 U.S. LEXIS 3239, at *1 (U.S. June 15, 2020).

On May 20, 2021, approximately two and a half years after the Court dismissed *Mattison I*, Plaintiff filed a "Motion for Relief from Judgment or Order of the District Court Under Federal Rule of Civil Procedure 60(d)" ("Rule 60(d) Motion") in *Mattison I*.  Rule 60(d) Mot., *Mattison I*, No. 4:17cv134 (E.D. Va. May 20, 2021), ECF No. 113.  In Plaintiff's Rule 60(d) Motion, Plaintiff

---

[3] In addition to the instant action and *Mattison I*, Plaintiff has filed several other cases in this Court over the past few years regarding the circumstances surrounding Plaintiff's employment termination.  *See* Dismissal Order, *Mattison v. United States*, No. 4:18cv61 (E.D. Va. Feb. 24, 2020), ECF No. 41, *aff'd*, 838 F. App'x 785 (4th Cir. 2021); *Mattison v. McDonough*, No. 4:19cv18 (E.D. Va. Feb. 10, 2020), ECF No. 18, *aff'd*, 838 F. App'x 771 (4th Cir. 2021); Mem. Op., *Mattison v. United States*, No. 4:20cv111 (E.D. Va. Aug. 30, 2021), ECF No. 38; Final Order, *Mattison v. Clarke*, No. 4:20cv158 (E.D. Va. Apr. 23, 2021), ECF No. 24.

sought to vacate the December 6, 2018 Dismissal Order entered in *Mattison I* based on alleged fraud on the court.   Mem. Supp. Rule 60(d) Mot. at 1-19, *Mattison I*, No. 4:17cv134 (E.D. Va. May 20, 2021), ECF No. 114.

In a Final Order entered on October 19, 2021, the Court in *Mattison I* denied Plaintiff's Rule 60(d) Motion.   Final Order at 1-5, *Mattison I*, No. 4:17cv134 (E.D. Va. Oct. 19, 2021), ECF No. 117.   In its Final Order, the Court stated:

> As the Fourth Circuit has explained, "[f]raud on the court is not your 'garden-variety fraud.'"   *Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014) (citation omitted).   "Ordinarily, when a party believes that its opponent has obtained a court ruling by 'fraud' or 'misrepresentation,' it may move for relief under Federal Rule of Civil Procedure 60(b)(3)" within "one year following the final judgment."   *Id.* (citation omitted).   This one-year limit has been described as a means of "balanc[ing] the competing interests of relieving an aggrieved party from the hardships of an unjustly procured decision against the deep '[r]espect for the finality of judgments . . . engrained in our legal system.'"   *Id.* (citation omitted).   "[A]fter a year, the public's powerful interest in leaving final judgments undisturbed generally triumphs and 'ordinary' fraud will not suffice to set aside a ruling."   *Id.* (citation omitted).
>
> Federal Rule 60(d)(3) operates as a "savings clause" that "permits a court to exercise its inherent equitable powers to obviate a final judgment after one year for 'fraud on the court.'"   *Id.* at 135-36.   As the Fourth Circuit has explained, "fraud on the court" "'should be construed very narrowly' lest it entirely swallow up Rule 60(b)(3)."   *Id.* at 136 (citation omitted).   "Proving fraud on the court . . . presents . . . a very high bar for any litigant."   *Id.* at 136-37.   "[N]ot only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individuals generally does not."   *Id.* at 136.   "[T]he doctrine is limited to situations such as 'bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.'"   *Id.* (citation omitted).
>
> In his Rule 60(d) Motion, Plaintiff claims that he was "unfairly prevented from representing [his] case based on tactics of Federal Attorney(s) and a federal Judge."   Mem. Supp. Rule 60(d) Mot. at 14.   Plaintiff claims that the Dismissal Order in this action was "unfairly obtained," was legally flawed, was based on "a nefarious relationship between a Judge and Federal Attorney(s)," was impacted by deliberate misstatements made by defense counsel, and "impugn[ed] the integrity of the [C]ourt and its ability to function impartially."   *Id.* at 14-19.

4

> Upon review, the Court finds that Plaintiff has not met the high bar necessary to establish "fraud on the court." *See Fox*, 739 F.3d at 136-37. Although Plaintiff asserts, in a conclusory fashion, that inappropriate actions impugned the integrity of the Court and constituted "fraud on the court," the Court finds that Plaintiff's conclusory assertions lack sufficient factual support. *See Campbell v. Shulkin*, No. 2:16cv512, 2017 U.S. Dist. LEXIS 197792, at *15-17 (E.D. Va. May 12, 2017) (noting that assertions of "fraud on the court" under Federal Rule 60(d)(3) cannot be based on "speculation and conclusory allegations, unsupported by facts"). Accordingly, Plaintiff's Rule 60(d) Motion, ECF No. 113, is DENIED.

*Id.* at 3-5.

Plaintiff appealed the Final Order in *Mattison I*, and Plaintiff's appeal remains pending. Notice Appeal, *Mattison I*, No. 4:17cv134 (E.D. Va. Oct. 25, 2021), ECF No. 118.

**B. Plaintiff's Instant Action**

Here, Plaintiff seeks to initiate an independent action under Federal Rule 60(d)(1) and asks the Court to vacate the dismissal of *Mattison I* and to proceed with the claims asserted by Plaintiff in *Mattison I* in the instant action.[4] *See* Compl. at 1-25; Pet. at 1-19. In his filings, Plaintiff argues, once again, that the Dismissal Order in *Mattison I* should be vacated based on alleged fraud on the court. *See* Compl. at 1-25; Pet. at 1-19. To support his argument, Plaintiff confusingly claims that the Dismissal Order in *Mattison I* "did not determine the [f]ederal [c]onstitutional [v]iolations" or "[f]ederal [l]aw violations," and "did not allege or infer that Plaintiff lacked a meritorious claim." Pet. at 16. Plaintiff further claims that the Court in *Mattison I* ignored federal laws and relevant "polic[ies] & procedure[s]" of the Department of Veterans Affairs, which resulted in fraud that constituted a "[g]rave miscarriage of justice." *Id.* at 16-18.

---

[4] In his Complaint, Plaintiff asks, in the alternative, that the Court consider his filing as a request to reconsider the dismissal of *Mattison I* pursuant to Federal Rule 60(b)(3). Compl. at 1. A request for reconsideration under Federal Rule 60(b)(3) must be filed in the case in which the order to be reconsidered was filed, and such request must be filed "no more than a year after the entry of the . . . order." Fed. R. Civ. P. 60(c)(1). If the Court were to consider Plaintiff's filing in the instant action as a motion under Federal Rule 60(b)(3), seeking reconsideration of *Mattison I*, such motion would be denied as improperly filed and untimely.

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to dismiss a complaint at any time if it determines that the complaint is "frivolous or malicious" or "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  A claim is legally frivolous if it is based on an "indisputably meritless legal theory," or if a plaintiff would not be entitled to relief under any arguable construction of law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Boyce v. Alizaduh*, 595 F.2d 948, 952 (4th Cir. 1979).  In determining whether a complaint states a claim upon which relief may be granted, the Court must analyze whether the complaint sets forth "enough facts to state a claim to relief that is *plausible* on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).

Federal Rule 60(d)(1) authorizes the Court to "entertain an independent action to relieve a party from a judgment, order or proceeding."  Fed. R. Civ. P. 60(d)(1).  To justify such an action, a plaintiff must show:

> That the judgment in favor [of] the defendant "ought not, in equity and good conscience," be enforced; (2) that he has a "good" claim; (3) that "fraud, accident, or mistake," prevented him from obtaining the benefit of his claim; (4) "the absence of fault or negligence" on his part; and (5) "the absence of any adequate remedy of law."

*Bralley v. Carey*, No. 3:10cv138, 2021 U.S. Dist. LEXIS 63718, at *12 (E.D. Va. Mar. 31, 2021) (quoting *Great Coastal Express, Inc. v. Int'l Brotherhood of Teamsters*, 675 F.2d 1349, 1358 (4th Cir. 1982)); *see Gravelle v. Kaba Ilco Corp.*, No. 5:17cv207, 2018 U.S. Dist. LEXIS 235821, at *7 (E.D.N.C. Mar. 6, 2018).  As courts have explained, "an independent action should be available only to prevent a grave miscarriage of justice."  *Gravelle*, 2018 U.S. Dist. LEXIS 235821, at *7 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)); *see Daniels v. Caldwell*, No. 3:14cv856, 2015 U.S. Dist. LEXIS 154872, at *3 (E.D. Va. Nov. 16, 2015) (explaining that

relief under Federal Rule 60(d)(1) "is available only if required to prevent a grave miscarriage of justice").

As summarized above, Plaintiff appealed the dismissal of *Mattison I* to the Fourth Circuit, and the Fourth Circuit affirmed the dismissal "for the reasons stated by the district court." *Mattison v. Willis*, 774 F. App'x 800, 800 (4th Cir. 2019). Plaintiff's subsequent petitions before the Fourth Circuit and the United States Supreme Court were denied. *See Mattison v. Willis*, No. 19-1020, 2019 U.S. App. LEXIS 35321, at *1 (4th Cir. Nov. 25, 2019) (denying Plaintiff's petition for rehearing and rehearing en banc); *Mattison v. Willis*, No. 19-7669, 2020 U.S. LEXIS 2233, at *1 (U.S. Apr. 20, 2020) (denying Plaintiff's petition for writ of certiorari); *Mattison v. Willis*, No. 19-7669, 2020 U.S. LEXIS 3239, at *1 (U.S. June 15, 2020) (denying Plaintiff's petition for rehearing). Thereafter, Plaintiff filed a Rule 60(d) Motion in *Mattison I*, in which Plaintiff asked the Court to vacate the December 6, 2018 Dismissal Order based on alleged fraud on the court. Rule 60(d) Mot., *Mattison I*, No. 4:17cv134 (E.D. Va. May 20, 2021), ECF No. 113. The Court in *Mattison I* denied Plaintiff's Rule 60(d) Motion, finding that it failed to meet "the high bar necessary to establish 'fraud on the court.'" Final Order at 5, *Mattison I*, No. 4:17cv134 (E.D. Va. Oct. 19, 2021), ECF No. 117. Unsatisfied with the outcome of Plaintiff's several challenges to the December 6, 2018 Dismissal Order in *Mattison I*, Plaintiff now seeks to initiate an independent action under Federal Rule 60(d)(1).

Upon review, the Court finds that Plaintiff's filings are legally frivolous and fail to state a plausible claim for relief against Defendants. *See Twombly*, 550 U.S. at 570; *Neitzke*, 490 U.S. at 327. Specifically, the Court finds that Plaintiff's filings fall far short of establishing (i) the required elements for an independent action under Federal Rule 60(d)(1); or (ii) the need to prevent a grave miscarriage of justice. *See Beggerly*, 524 U.S. at 47; *Great Coastal Express, Inc.*, 675

F.2d at 1358; *Gravelle*, 2018 U.S. Dist. LEXIS 235821, at *7; *Daniels*, 2015 U.S. Dist. LEXIS 154872, at *3. Thus, the Court further finds that it is mandated by 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) to dismiss this action. *See Gravelle*, 2018 U.S. Dist. LEXIS 235821, at *1-14 (granting a *pro se* plaintiff's IFP application, dismissing a request for an independent action under Federal Rule 60(d)(1) based on a frivolity review under § 1915, and warning that further frivolous litigation could result in the imposition of a prefiling injunction). Moreover, the Court finds that any amendment of the Complaint, if requested, would be futile. For these reasons, Plaintiff's action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be GRANTED; the Clerk will be DIRECTED to file Plaintiff's Complaint and Petition; and this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
April 1, 2022